**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 12, 2004**

**Charles R. Fulbruge III**
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-60846

HUSSEIN NASRALLAH,

Petitioner,

v.

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

BY THE COURT:[*]

The Respondent has filed a motion to dismiss Petitioner's petition for review. Petitioner asserts that he does not have a petition for review before us and that he has never filed a petition for review. Nevertheless, Petitioner contends that he is a national of the United States because he completed an application for naturalization and then expressed his allegiance to the United

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States.  Accordingly, he posits that as a national he should not be subject to the order of deportation which found him to be an alien removable by reason of having committed several criminal offenses covered in Section 242(a)(2)(C).  There is no dispute that Respondent was not born in the United States nor has he ever naturalized as a United States citizen.  Congress has defined the circumstances under which a person born abroad becomes a national of the United States.  *See* 8 U.S.C. §§ 1401-1448.  None of the circumstances include an alien who merely submits an application for naturalization.  Hussein is not a national of the United States.

The second circuit treated Petitioner's last pleading there as a petition for review and transferred the same with accompanying record in the case to our circuit inasmuch as petitioner's deportation proceeding was completed in the state of Louisiana. Other than a general and conclusory assertion that the second circuit erred in transferring the case to us as a petition for review, Petitioner advances no argument in support of his claim that the second circuit erred in treating his last claim as a petition for review transferring the case to this circuit.  It is clear that a final removal order has been entered and that Petitioner filed his last pleading in the second circuit in an effort to stay removal and the enforcement of the decision of the Board of Immigration Appeals which summarily affirmed the

immigration judge's decision denying his motion to reopen his deportation proceedings.

Treating the action before us as a petition for review, it is clear that Petitioner is not a national or American citizen, that he is an alien, and that he has been convicted of offenses subjecting him to removal and deportation. Hussein asserts no substantial constitutional claims. Accordingly, we are barred from providing relief with respect to the petition for review. INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C).

The Respondent's motion to dismiss the petition for review for lack of jurisdiction is GRANTED. The Respondent's alternative motion for an extension of time to file the administrative record is DISMISSED AS MOOT.